IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| WILLIE JAMES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 5:22-cv-69 (MTT) |
| | ) |
| JASON GRUBB, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Defendant Jason Grubb moves to dismiss the claims brought by Plaintiff Willie James for lack of personal jurisdiction. Doc. 2. For the reasons discussed below, Grubb's motion is **GRANTED.**

James, a resident of Georgia, originally filed his complaint[1] in the Superior Court of Houston County, Georgia, stating a claim for trespass by theft of property against Grubb, a resident of Texas. Doc. 1-2. Grubb removed the action to this Court on February 14, 2022. Doc. 1. James's complaint alleges that Grubb trespassed "by way of theft" after James rescinded an application for extension of credit through CarMax, requested verification of his debt, placed a "cease and desist notice on the consumer credit transaction account," and then "emailed notice of trespass by way of theft and violations of consumer protection laws." Doc. 1-2 at 8. Grubb is the Chief Executive

---

[1] James takes issue with the use of the word "complaint" to describe his pleading, as he insists in his response to the motion to dismiss that his filing was "not a complaint, as the documents of i; [sic] are structured as claims not complaints in the title and/or header." Doc. 5 at 1. However, despite James's contention, a document presenting claims to the Court and initiating a lawsuit is a complaint and will be referred to as such.

Officer of Exeter Finance, LLC, which is the assignee and holder of the retail installment contract that governed the transaction between James and CarMax.  Doc. 2-1 at 1, n.1.  Grubb moved to dismiss the complaint for lack of personal jurisdiction on February 22, 2022.  Doc. 2.  On March 10, 2022, the Court sent James a notice informing him of his obligations regarding a motion to dismiss, in light of his *pro se* status.  Doc. 4.

At the motion to dismiss stage, "all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff."  *FindWhat Inv'r Grp. v. FindWhat.com*, 658 F.3d 1282, 1296 (11th Cir. 2011) (internal quotation marks and citations omitted).  But "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal."  *Wiersum v. U.S. Bank, N.A.*, 785 F.3d 483, 485 (11th Cir. 2015) (internal quotation marks and citation omitted).  The complaint must "give the defendant fair notice of what the ... claim is and the grounds upon which it rests."  *Twombly,* 550 U.S. at 555.  Where there are dispositive issues of law, a court may dismiss a claim regardless of the alleged facts.  *Patel v. Specialized Loan Servicing, LLC*, 904 F.3d 1314, 1321 (11th Cir. 2018).

"A federal court sitting in diversity undertakes a two-step inquiry in determining whether personal jurisdiction exists: the exercise of jurisdiction must (1) be appropriate under the state long-arm statute and (2) not violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution."  *United Tech. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 1998); *see also* O.C.G.A. § 9-10-91 (Georgia's long-arm statute).  "A plaintiff seeking the exercise of personal jurisdiction over a nonresident defendant bears the initial burden of alleging in the complaint sufficient

facts to make out a prima facie case of jurisdiction." *Diamond Crystal Brands, Inc., v. Food Movers Intern., Inc.,* 593 F.3d 1249, 1257 (11th Cir. 2010).  Here, James has not met this burden.

As stated in the motion to dismiss, the complaint fails to establish personal jurisdiction over Grubb.  Doc. 2-1 at 3.  James's complaint makes no allegations establishing Grubb's residence in Georgia, business interactions in Georgia, property in Georgia, or actions in Georgia.  *See* Doc. 1-2.  Grubb appears to be named solely because of his role within his company, and Grubb is not subject to personal jurisdiction in Georgia based upon the actions of the corporation he serves as an officer.  *Keeton v. Hustler Magazine, Inc.,* 465 U.S. 770, 781 n.13 (1984) ("jurisdiction over an employee does not automatically follow from jurisdiction over the corporation which employs him"); *Jimmy Smith Racing Tires, Inc., v. Ashleman*, No. 1:05-cv-0970, 2006 WL 2699127, at *8 (N.D. Ga. Sept. 19, 2006) ("Georgia has no jurisdiction over an individual whose sole connection to the state is the fact that he has an ownership stake in a corporation over which Georgia could assert personal jurisdiction.").

James also raises no argument for personal jurisdiction over Grubb in his response to the motion to dismiss.[2]  Instead, he contends "the claim of i [sic], is purely equitable not cognizable at law—much less at martial due process, and rely [sic] exclusively on the recognition and enforcement of purely equitable rights; which are in direct conflict with the general rules of law."  Unfortunately for James, equitable claims are still subject to jurisdictional requirements.  *See Thomas-Ikomoni v. McCalla Raymer,*

---

[2] James also filed a second response to the motion to dismiss without leave.  Doc. 8.  Although James did not seek leave to file a second response, making this filing improper, the Court notes that his second response also failed to address Grubb's personal jurisdiction argument.

*LLC,* No. 1:07-cv-1511 (RWS/AJB), 2009 WL 10701291, *10 (N.D. Ga. Jan. 20, 2009). And because James has not alleged any facts relevant to personal jurisdiction—or even tried to argue personal jurisdiction is appropriate in his response to the motion to dismiss—James has not met his burden of stating a prima facie case of jurisdiction over Grubb.  *See Diamond Crystal Brands,* 593 F.3d at 1257.

Accordingly, Grubb's motion to dismiss (Doc. 2) is **GRANTED**, and James's complaint is **DISMISSED without prejudice.**

**SO ORDERED**, this 3rd day of June, 2022.

<u>S/ Marc T. Treadwell</u>
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT